UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------x
UNITED STATES OF AMERICA,

        -against-

GUILLERMO DE JESUS DIAZ OSORIO,

        Defendants.
---------------------------------------------------x

**MEMORANDUM AND ORDER**
Case No. 13-CR-426 (FB)

**BLOCK, Senior District Judge:**

    Guillermo De Jesus Diaz Osorio is currently serving a sentence of 130 months' imprisonment for conspiring to distribute cocaine. He is scheduled to be released in May 2024.

    Proceeding *pro se*, Osorio moves to reduce his sentence pursuant to Amendment 821 of the United States Sentencing Guidelines, which, among other things, provides a two-level downward adjustment for certain defendants with no criminal history points. 18 U.S.C. § 3582(c)(2), in turn, empowers a district court to reduce the sentence "of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission . . . , if such a reduction is consistent with the applicable policy statements issued by the Sentencing Commission."

    Amendment 821 apparently applies to Osorio, who had zero criminal history points. The only question is whether application of the amendment would be

consistent with the Sentencing Commission's policy statements.

The applicable policy statement states that a defendant is eligible for a sentence reduction based on a subsequently lowered sentencing range only if the amendment is explicitly retroactive, *see* U.S.S.G. § 1B1.10(a)(2)(A), and actually lowers the defendant's Guidelines range, *see id.* § 1B1.10(a)(2)(B). Amendment 821 was expressly made retroactive and would reduce Osorio's Guidelines range from 168-210 months to 135-168 months. To that extent, reducing Osorio's sentence would be consistent with § 1B1.10.

However, the policy statement further provides that, except in cases of substantial assistance, "the court shall not reduce the defendant's term of imprisonment . . . to a term that is less than the minimum of the amended guideline range." *Id.* § 1B1.10(b)(2)(A). As noted, the Court sentenced Osorio to 130 months' imprisonment and the amended Guidelines range for his offense level and criminal history category is 135-168 months. Any reduction to Osorio's sentence would be inconsistent with § 1B1.10 and, therefore, unauthorized.

Accordingly, Osorio's motion is denied.

**SO ORDERED.**

                                                    _Frederic Block_
                                                    FREDERIC BLOCK
                                                    Senior United States District Judge

Brooklyn, New York
November 8, 2023